**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30228 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00118-JDS-1 |
| v. | |
| ALDIN RAY TWO MOONS SR., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Argued and Submitted June 8, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and KOBAYASHI,
District Judge.[**]

Defendant Aldin Ray Two Moons, Sr. ("Two Moons") appeals his sentence

of fifty-seven months of imprisonment for two counts of domestic assault by a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Leslie E. Kobayashi, United States District Judge for
the District of Hawaii, sitting by designation.

habitual offender, in violation of 18 U.S.C. §§ 1153(a) and 117(a).[1]  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's interpretation of the Sentencing Guidelines de

novo.  United States v. Rodriguez-Ocampo, 664 F.3d 1275, 1277 (9th Cir. 2011)

(per curiam).  We apply a clearly erroneous standard of review to a district court's

findings of fact.  United States v. McEnry, 659 F.3d 893, 896 (9th Cir. 2011).

"There is an intracircuit conflict as to whether the standard of review for

application of the Guidelines to the facts is de novo or only for abuse of

discretion[.]"  Id. at 896 n.5 (citation and internal quotation marks omitted).  The

conflict, however, does not affect the outcome of this case because we would reach

the same result under either standard.

First, Two Moons argues that the district court's imposition of a two-level

enhancement pursuant to United States Sentencing Guidelines ("USSG")

§ 2A6.2(b)(1)(D) for a pattern of activity involving stalking, threatening,

harassing, or assaulting the same victim constituted impermissible double counting

because the Government relied on the same underlying incidents in the

---

[1] The district court sentenced Two Moons to concurrent terms of fifty-seven
months of imprisonment for Count 1 and eleven months of imprisonment for
Count 2, for a total sentence of fifty-seven months.

indictment.[2]  Two Moons, however, concedes that the district court applied the appropriate guideline, USSG § 2A6.2, and that the imposition of a two-level enhancement pursuant to § 2A6.2(b)(1)(B) for the infliction of bodily injury was warranted.  Even assuming *arguendo* that, in applying § 2A6.2(b)(1)(D), the district court considered the same prior assaults that the Government relied upon in the Indictment, this was not impermissible double counting.  See United States v. Pham, 545 F.3d 712, 717 (9th Cir. 2008) ("[t]here is nothing wrong with double counting when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct" (citations and internal quotation marks omitted) (alteration in Pham)).  Two Moons' pattern of assaulting Tonya Russette could be used to enhance his sentence pursuant to § 2A6.2(b)(1)(D) because the base offense level set in § 2A6.2(a) did not take that pattern into account and did not capture the full extent of the wrongfulness of Two Moons' behavior.  See United States v. Reese, 2 F.3d 870, 895-96 (9th Cir. 1993).  We therefore affirm the district court's imposition of the two-level enhancement pursuant to § 2A6.2(b)(1)(D) for "a pattern of activity involving stalking, threatening,

_____

[2] Although § 117(a) does not require that the victim in the prior offenses be the same person as the victim in the charged offense, both counts of the Indictment alleged that Two Moons "intentionally assaulted a person with whom the defendant has cohabitated and shares children in common, after having been convicted of at least two prior separate assaults against said person[.]"  [Excerpts of Record ("ER") at 22-23.]

3

harassing, or assaulting the same victim[.]"

Second, Two Moons challenges the district court's imposition of a two-level enhancement pursuant to USSG § 3C1.1 for obstruction of justice. According to the Presentence Report ("PSR"), on or before May 3, 2011, Two Moons mailed two envelopes containing three letters he wrote to Russette. He addressed one envelope to Russette and the other to their five-year-old daughter. Also, on or before May 17, 2011, Two Moons mailed Russette a copy of her written statement to the Federal Bureau of Investigation, dated October 13, 2010, with Two Moons' handwritten comments on it. [PSR at ¶¶ 21-25.] The district court found that these letters were "more or less . . . a threat" and that Two Moons intended to affect Russette's testimony. [ER at 14.] Based on the history of abuse in their relationship and the specific content of the letters, the district court's finding was not clearly erroneous. We therefore affirm the district court's imposition of the two-level obstruction of justice enhancement pursuant to § 3C1.1.

Accordingly, we **AFFIRM** Two Moons' sentence.

4